IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 11-27241-CMB |
| | ) | |
| William F. Scalera, | ) | Chapter 7 |
| | ) | |
|     Debtor, | ) | Related to Doc. No. 52 |
| | ) | |
| Kenneth G. Bricker, Ellen Bricker, Pamela J. Meier, Richard F. Monning and Linda B. Monning, | ) ) ) | |
| | ) | |
|     Movants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| William F. Scalera, | ) | |
| | ) | |
|     Debtor/Respondent. | ) | |

*Appearances:* Thomas S. Anderson, Esq., for the Movants
Francis E. Corbett, Esq., for Debtor/Respondent
Jeffrey J. Sikirica, Esq., Trustee

## MEMORANDUM OPINION

The matter before the Court is the *Motion for Relief from Automatic Stay* ("Motion") filed by Movants, Kenneth G. Bricker, Ellen Bricker, Pamela J. Meier, Richard F. Monning and Linda B. Monning, in the above-captioned proceeding. Movants seek relief from the automatic stay to enforce a state court judgment, previously determined nondischargeable by this Court, against

assets of the Debtor.[1]  Debtor avers that Movants are not entitled to relief from stay as the asset upon which Movants intend to execute is protected by way of exemption pursuant to 11 U.S.C. §522(c).

## Factual & Procedural History

Debtor, William F. Scalera, commenced the within bankruptcy case by filing a petition under Chapter 7 of the Bankruptcy Code on November 30, 2011. After obtaining an extension of time to do so, Debtor completed his bankruptcy schedules on December 23, 2011.  On Debtor's Schedule B, Debtor listed his interest in a "Beneficiary IRA from father-Fidelity" ("Inherited IRA") valued at $372,176.92. Debtor exempted his interest in the Inherited IRA under 11 U.S.C. §522(d)(12) on Schedule C of his bankruptcy schedules.  As of the date of the within Motion, no objections to Debtor's exemptions were filed.

Shortly following the filing of the within bankruptcy case, on December 7, 2011, Movants requested relief from the automatic stay to continue litigation against Debtor in the Court of Common Pleas of Allegheny County, Pennsylvania ("Allegheny County Case").  This Court granted Movants' request on January 24, 2012.  At the conclusion of the Allegheny County Case, Movants commenced an adversary action in the within bankruptcy case by filing their *Complaint to Determine Dischargeability of Debt* ("Complaint")[2] on March 20, 2013. Pursuant to the Complaint, Movants sought to have the judgments rendered in their favor in the

---

[1] This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This is a core matter pursuant to 28 U.S.C. §157(b)(2)(G), and the Court will enter final judgment.  However, if the United States District Court determines pursuant to the rationale set forth in *Stern v. Marshall*, 131 S.Ct. 2593 (2011), that this Court does not have the authority to enter final judgment, then the Memorandum Opinion and Order entered shall constitute the Court's proposed findings of fact and conclusions of law and recommendation to the District Court.

[2] Movants filed an *Amended Complaint to Determine Dischargeability of Debt* on March 21, 2013. For the purposes of the within Memorandum Opinion and Order, Movants' complaint and amended complaint will hereinafter be collectively referred to as the "Complaint."

Allegheny County Case determined nondischargeable under 11 U.S.C. §1328(a)(2) and 11 U.S.C. §523(a)(19)(A)(i). This Court entered summary judgment in favor of Movants on February 18, 2014, finding the judgments[3] nondischargeable pursuant to §§1328(a)(2) and 523(a)(19)(A)(i).

On August 13, 2014, Movants filed the within Motion seeking relief from the automatic stay in order to pursue execution of the nondischargeable judgments against Debtor's assets "which are not property of the estate and/or for which the trustee has abandoned any claims thereto." Debtor filed his response to the Motion on September 2, 2014, averring that Movants were not entitled to relief from stay as the assets upon which Movants intended to execute were protected by way of exemption under §522(c). A hearing was held on the Motion on September 9, 2014, wherein Movants clarified that the asset upon which they intend to execute is the Inherited IRA. This Court ordered that the parties submit briefs on or before October 31, 2014, which have since been filed.

Applicable Standard

Under 11 U.S.C. §362, the filing of a bankruptcy petition creates an automatic stay of certain actions against property of the estate and/or the debtor.

> The automatic stay is one of the most fundamental protections granted the debtor under the Bankruptcy Code. Its purpose is three-fold: "to prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor."

---

[3] The amounts of the judgments entered in the Allegheny County Case and determined nondischargeable by this Court are in the following amounts: (1) in favor of Movants, Kenneth G. Bricker and Ellen M. Bricker, in the amount of $83,500.00; (2) in favor of Movant, Pamela Jones Meier, in the amount of $82,200.00; and, (3) in favor of Movants, Richard F. Monning and Linda B. Monning, in the amount of $250,000.00.

3

*Izzarelli v. Rexene Products Co. (In re Rexene Products Co.)*, 141 B.R. 574, 576 (Bankr.D.Del.1992)(citations omitted). "However, the stay is not meant to be indefinite or absolute, and in appropriate instances, relief may be granted." *Id.* (citation omitted).

Pursuant to §362(d)(1), "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay [. . .] (1) for cause, including the lack of adequate protection of an interest in property of such party in interest. . . ."

Aside from the statute's inclusive language incorporating lack of adequate protection of an interest in property, "cause" is not defined in the statute, "leaving courts to consider what constitutes cause based on the 'totality of the circumstances in each particular case.'" *In re Chatkin*, 465 B.R. 54, 59 (Bankr.W.D.Pa.2012)(citations omitted). "A court may consider the policies reflected in the bankruptcy code, and the interests of the debtor, other creditors and any other interested parties. Unsecured creditors are generally entitled to relief from an automatic stay only in extraordinary circumstances." *In re Chan*, 355 B.R. 494, 499 (Bankr.E.D.Pa. 2006)(citation omitted).

> The legislative history indicates that cause may be established by a single factor such as "a desire to permit an action to proceed ... in another tribunal," or "lack of any connection with or interference with the pending bankruptcy case." H.R.Rep. No. 95–595, 95th Cong., 1st Sess., 343–344 (1977) U.S.Code Cong. & Admin.News pp. 5787, 6300. *See also In re Drexel Burnham Lambert Group, Inc.,* 113 B.R. 830, 838 n. 8 (Bankr.S.D.N.Y.1990) (citing various findings of §362(d)(1) 'cause' to permit litigation in another forum such as liquidation of a personal injury, arbitration or specialized jurisdiction claim)[. . .] The legislative history to section 362(d)(1) emphasizes the section's applicability to proceedings in another tribunal. "[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." H.R.Rep. No. 595, 95th Cong., 1st Sess., 341 (1977).

*In re Rexene Products Co.*, 141 B.R. at 576.

Section 362(g) of the Bankruptcy Code provides that in hearings brought under §362(d) requesting relief from stay, the requesting party has the burden of proof on the issue of debtor's equity in property, whereas the party opposing relief has the burden of proof on all other issues. *In re Chatkin*, 465 B.R. at 60; *See also* 11 U.S.C. §362(g). Despite this reading, courts, including this Court, have previously held that, with respect to "all other issues" an initial burden is placed on the requesting party to make a *prima facie* showing of cause sufficient to support the party's request for relief from stay. If a *prima facie* case is shown, the burden then shifts to the party opposing relief to show lack of cause to grant relief from stay. *Chatkin,* 465 B.R. at 61; *See also In re Rexene Products Co.*, 141 B.R. at 576-577.

Analysis

In the within Motion, Movants seek relief from the automatic stay for cause "in order to pursue execution on assets which are not property of the estate and/or for which the trustee has abandoned any claims thereto[ ]" in order to collect upon judgments deemed nondischargeable by this Court. At the hearing, Movants identified such assets as being the Inherited IRA of the Debtor. In response Debtor avers that any action against the Inherited IRA is prohibited by 11 U.S.C. §522(c), as the Inherited IRA is both listed as an asset and exempted under 11 U.S.C. §522(d)(12) on his bankruptcy schedules. As the parties have narrowed the scope of their arguments to concern the Inherited IRA, this Court will primarily focus its analysis of whether relief from stay is appropriate as to the Inherited IRA, despite Movants' broader request for relief in the Motion.

Section 522 of the Bankruptcy Code states that:

(c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except--
    **(1)** a debt of a kind specified in paragraph (1) or (5) of section 523(a) (in which case, notwithstanding any provision of applicable nonbankruptcy law to the contrary, such property shall be liable for a debt of a kind specified in such paragraph);
    **(2)** a debt secured by a lien that is--
      **(A)(i)** not avoided under subsection (f) or (g) of this section or under section 544, 545, 547, 548, 549, or 724(a) of this title; and
        **(ii)** not void under section 506(d) of this title; or
      **(B)** a tax lien, notice of which is properly filed;
    **(3)** a debt of a kind specified in section 523(a)(4) or 523(a)(6) of this title owed by an institution-affiliated party of an insured depository institution to a Federal depository institutions regulatory agency acting in its capacity as conservator, receiver, or liquidating agent for such institution; or
    **(4)** a debt in connection with fraud in the obtaining or providing of any scholarship, grant, loan, tuition, discount, award, or other financial assistance for purposes of financing an education at an institution of higher education (as that term is defined in section 101 of the Higher Education Act of 1965 (20 U.S.C. 1001)).

In interpreting this section, courts within the Third Circuit have found that "[t]he command of 11 U.S.C. § 522(c) is plain. Property exempted during a bankruptcy case is not available for satisfaction of a pre-petition debt. This is so even if the pre-petition debt is determined to be non-dischargeable under 11 U.S.C. § 523(a), so long as the debt does not fall within one of the enumerated statutory exceptions set out in § 522(c)'s subsections (1)-(4)." *In re Bell*, 476 B.R. 168, 177 (Bankr. E.D. Pa. 2012). Thus, in order to execute against the exempted Inherited IRA the Movants must show that the underlying debt qualifies as one of the four exceptions set forth under §522(c)(1)-(4).

6

In the within matter, Movants failed to argue that the Inherited IRA falls within one of the four exceptions. Instead, Movants attempt to by-pass the protections of §522(c) altogether by arguing that since the Supreme Court recently determined in *Clark v. Rameker,* 134 S. Ct. 2242, 189 L. Ed. 2d 157 (2014), that an inherited individual retirement account is not exemptable as retirement funds in bankruptcy, the Inherited IRA is not properly exempted and §522(c) does not apply.  Debtor defends against this argument by averring that as no objections were filed to Debtor's exemptions within the allotted timeframe, the exemptions were allowed and can no longer be challenged.  This Court agrees with Debtor's contentions.

At the outset of this analysis, this Court notes that it does not appear that the issue of the exemptability of Debtor's Inherited IRA is properly before this Court as no objection to Debtor's exemptions has been filed by Movants to date.  However, as both parties have briefed the matter without objection, the Court will proceed with its review.

Under 11 U.S.C. §522(l), a debtor is required to file a list of property which he or she claims as exempt under §522(b). Once filed, a party in interest can timely object to a debtor's claimed exemption(s) by filing an objection "within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later." *See* Fed.R.Bankr.P. 4003(b)(1). If no party in interest timely objects, the property listed by the debtor shall be exempt. *See* 11 U.S.C. §522(l).  In the within matter, after several continuances, the § 341(a) meeting of creditors was held and concluded on June 11, 2012.  No amendment to Schedule C or supplemental schedules were filed thereafter. Consequently, the deadline to timely object to Debtor's exemption of the Inherited IRA was July 11, 2012.  As no objection, nor any request for extension of time to object, was filed by that date, the exemptions became final over two years prior to the within

Motion and Movants are now foreclosed from challenging whether the Inherited IRA was properly exempted under §522(d)(12). *See generally Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S. Ct. 1644, 118 L. Ed. 2d 280 (1992). The Supreme Court in *Taylor v. Freeland & Kronz*, found that this prohibition against late-filed objections applies even where the exemption was improperly claimed. 503 U.S. at. 368 ("A trustee may not contest the validity of a claimed exemption after the Rule 4003(b) 30-day period has expired, even though the debtor had no colorable basis for claiming the exemption.")[4]

Notwithstanding the terms of Rule 4003(b)(1) and §522(l), Movants aver that due to the Supreme Court's recent decision in *Clark v. Rameker, supra*, finding an inherited individual retirement account unexemptable as retirement funds in bankruptcy, Movants should be allowed to challenge Debtor's exemption as impermissible despite missing the deadline for objections. Movants' argument, however, fails in several respects. First, Movants fail to cite to any authority which would allow a moving party to challenge a debtor's exemption after the applicable objection period has closed if said exemption was later found to be impermissible by a change in law or interpretation of law. Second, Movants' argument that Debtor's exemption of the Inherited IRA should be disallowed based on *Clark v. Rameker*'s determination that such an exemption is improper ignores the command of the Supreme Court in *Taylor v. Freeland & Kronz*, which held that failure to timely object to a debtor's exemption would result in the

---

[4] The Supreme Court in *Schwab v. Reilly*, 560 U.S. 770, 130 S. Ct. 2652, 177 L. Ed. 2d 234 (2010), narrowed the scope of its holding in *Taylor v. Freeland & Kronz, supra*, which broadly required adherence to the Rule 4003(b) 30-day objection period. In *Schwab*, the Supreme Court found that the Rule 4003(b) deadline applied only to objections based on either: (1) the description of the exempted property; (2) "the Code provisions governing the claimed exemptions[;]" and/or (3) the amount of the claimed exemption. *Schwab v. Reilly*, 560 U.S. at. 785. Movants fail to allege, let alone show, that their objection to Debtor's exemption of the Inherited IRA falls outside of the three types of objections governed by *Taylor*. Furthermore, this Court finds that Movants' objection falls squarely within the three enumerated objection bases subject to *Taylor* as it challenges the applicability of the Code provision under which the exemption is claimed. Therefore, Rule 4003(b) applies.

exemption becoming final **regardless** of whether Debtor "had a colorable statutory basis for claiming it." *Taylor v. Freeland & Kronz*, 503 U.S. at 643-644. Thus, whether or not the exemption was permissible, even when initially claimed, is inconsequential to an exemption's finality where the applicable objection period has passed.

Movants also contend that the circumstances of the case, namely the Debtor's violation(s) of Pennsylvania securities laws, merit special consideration upon review of the within Motion. However, this Court notes that Movants have already sought and obtained relief for Debtor's actions under the appropriate Bankruptcy Code section, 11 U.S.C. §523(a)(19), which rendered the debt owed to Movants nondischargeable. Movants fail to cite to any authority which would permit the Court to disallow Debtor's exemption of the Inherited IRA based on Debtor's conduct in addition to the relief obtained under §523(a)(19). While this Court is sympathetic to the plight of Movants, the Third Circuit has held that such a situation does not allow this Court to ignore the provisions of the Code. *Taylor v. Freeland & Kronz,* 938 F.2d 420, 426 (3d Cir. 1991) *aff'd,* 503 U.S. 638, 112 S. Ct. 1644, 118 L. Ed. 2d 280 (1992)("Compliance with section 522(l) and Rule 4003(b) may lead in certain cases to an undeserved windfall for the debtor. But we, like the Supreme Court, will not disturb the clear language of the statute and rule to prevent a windfall.")

Movants further argue that this Court's powers under 11 U.S.C. §105 would allow the Court to consider a late filed objection to exemptions to prevent abuse of process. In making this argument, Movants cite to several cases (most prominently *In re Staniforth*, 116 B.R. 127 (W.D. Wisc. Bankr. 1990)) in which consideration of late filed objections was allowed by the respective courts. However, such consideration of late filed objections, and specifically the approach taken by the *Staniforth* court, was directly rejected by the Third Circuit in *Taylor v. Freeland & Kronz*.

9

938 F.2d at 423-424.[5] Thus, the Court will not exercise its §105 powers to permit review of Debtor's exemptions herein and finds that Debtor's Inherited IRA is protected from execution to satisfy a pre-petition debt pursuant to §522(c).

As Movants cannot pursue the Inherited IRA to satisfy their nondischargeable debt, the Court finds that no cause exists to grant relief from stay for the purpose of executing upon the Inherited IRA. However, in addressing the broader scope of the request for relief from stay set forth in the Motion, the Court finds that cause does exist to grant relief from stay to the extent that the stay is still in effect to pursue action(s) against property of the Debtor for which exemptions have not been allowed.

In the alternative to relief from stay, in their post-hearing brief, Movants aver, for the first time, that Debtor's bankruptcy case should be dismissed as a bad faith filing. As Movants failed to raise this issue prior to their post-hearing brief, the issue is not properly before this Court and thus, this Court will not review the matter.

Conclusion

As the nondischargeable debts Movants seek to recover by executing against Debtor's Inherited IRA do not fall within the four exceptions enumerated under §522(c) and Movants can no longer challenge the exemptability of the Inherited IRA, the Court finds that no "cause" exists

---

[5] Even if the Court were permitted to review the exemption to prevent abuse of process, the Court would find no such abuse. Aside from the perceived injustice of Debtor's ability to protect the Inherited IRA while owing a nondischargeable debt to Movants, Movants fail to identify how Debtor's exemption of the Inherited IRA amounts to abuse of process. A review of the cases cited by Movants suggests that such abuse arises where the exemption claimed was impermissible at the time it was taken. *See In re Staniforth,* 116 B.R. 127 (W.D. Wisc. Bankr. 1990.) Movants have failed to show that this is the case herein as Movants fail to cite to any authority which would render Debtor's exemption impermissible at the time that it was claimed. Instead, Movants solely rely on the Supreme Court's decision in *Clark v. Rameker, supra*, (finding inherited IRAs unexemptable under §522(d)(12)) which was decided June 12, 2014, nearly two years after the deadline to object to Debtor's exemptions and well over a year after Debtor's discharge was granted.

to grant relief from stay under §362(d)(1) for the purpose of pursuing action(s) against the Inherited IRA. However, the Court does find that "cause" exists to grant relief from stay to Movants to the extent that the stay is still in effect for the purpose of pursuing actions against the Debtor's non-exempt assets. Accordingly, Movants' *Motion for Relief from Automatic Stay* is denied-in-part and granted-in-part. An order consistent with this Memorandum Opinion will be entered by this Court.

Dated: November 19, 2014     /s/ Carlota M. Böhm
                              Carlota M. Böhm
                              United States Bankruptcy Judge

**MAIL TO:**
United States Trustee
Jeffrey J. Sikirica, Esq., Trustee
Thomas S. Anderson, Esq.
Francis E. Corbett, Esq.